Caldera-Torres v. Garland is up for argument next. Mr. Christopher. Good morning, Your Honors. My name is Mark Christopher, and I have the pleasure of representing Mr. Caldera-Torres. The issue before this court today is relatively narrow, and that's in when determining whether a crime is a crime of domestic violence under the Immigration and Nationality Act. Should one apply strictly the categorical approach or a mix of the categorical and circumstance-specific approach? In determining a crime of domestic violence, you must look at two steps. The first one is whether or not it meets the element of crime of domestic – sorry, crime of violence under 18 U.S.C. 16. Universally, that is governed by the categorical approach. And you don't dispute that it meets that here? Correct. We do not. It's the second prong, rather, that there is a split. And that's whether or not the person was a protected person under the meaning of an INA. In other words, a domestic victim. You know, I have a pragmatic issue about that. It seems rare to me that an element of the offense, as opposed to something more like a sentencing factor, would be the nature of the victim. And you would have an enormous number of people who committed crimes of violence against domestic partners or family members or other people who fall in this domestic range. If we were to say that it actually has to appear on the face of the statute, we have to be able to look at the statute and see that it encompasses this. And we have not said this, nor has the Board. I mean, the Board has, I think, adopted this sort of bifurcated approach, categorical approach for crime and violence, circumstance-specific for the nature of the victim. So why isn't that much more in keeping with what you would expect this system to be? Well, I think two reasons. Number one, I think what we see is throughout the United States, different states have enacted laws which specifically enumerate, make that as an element or part of the crime. Some do. Certainly in Wisconsin, that is a case. Every case can be charged as a domestic violence crime. A judge makes a determination, and if they do make that determination, then an assessment and additional penalties are enforced. Does the jury have to find that? The jury does not. Right, so it's not an element of the offense. It's a sentencing factor. Correct, in that case. And it's both on the charging document and then, again, on the judgment of conviction. So in the case of Wisconsin. The other issue in Wisconsin is that, as I was stating, is when an individual is charged in Wisconsin, it is charged as a domestic abuse case. It's done on the criminal complaint. Then it goes to the jury. The jury does not find that particular element. But then after the end of the case, the judge makes that determination as well and then enters it into the record. What's the standard of proof? The standard of proof. To the judge. There isn't one articulated within the statute. The judge just simply needs to make a finding. So it's probably preponderance. Preponderance would be my guess as well, too. Yeah. The other thing I was going to point out to Judge Wood is that in the INA, what we see so often is when Congress wants to make conduct illegal or removable in this case, they specifically put that in. In other words, they make that so. It's legislated that way. For example. Well, they put in criteria, right? Your case reminds me of the situation in Nijhawan against Ashcroft where the federal statute says that you're not eligible for some benefit if the amount of the theft exceeds $10,000. But the amount is not an element of the state offense. But the Supreme Court says it can be considered. So here we have a state offense that's categorically a crime of violence. But the immigration benefit depends on some additional consideration. It leads me to wonder why Nijhawan is not the controlling precedent. I notice that you don't discuss it. Well, I think in Nijhawan the threshold was, again, a money amount. And I think number one is you see very few. Why should there be any difference for this purpose between a money amount and whether somebody is a victim of domestic violence as opposed to other kinds of violence? Well, I think one reason is statutes traditionally are not, theft statutes are not traditionally governed or have an element of them that has a dollar amount. Where in cases of batteries, what we see throughout the states, there's an element or finding. Sometimes. And sometimes not. Sometimes it's just a sentencing factor, as it is here apparently. Yeah, that's what I was trying to get at. If it's a sentencing factor, it's hard to see why it's not the sort of thing that would be circumstance specific for this particular immigration purpose. Well, I think also when you look at the INA and things that are what we would consider removable, there are many conduct-type issues or offenses. Things like voting, that you don't have to be convicted of a crime of illegally voting or voting without authorization or misrepresentation when you give false information to an immigration official. That's a removable offense or an inadmissible offense. So in cases like that where it's conduct-specific, Congress traditionally makes those specific criteria or is a basis for removal. It just seems like when we're doing a hodgepodge or a mismatch of things, it just creates an inconsistent result and makes the statute really seem ambiguous and determinative upon not the law or the conviction, but some other criteria from the immigration court. But what's so hard about saying that this circumstance-specific thing is going to turn on whether the victim of your violence was somebody defined as a domestic victim? There are a couple of different definitions. And you have the opportunity to say something about that. You can say, no, this wasn't my partner. It was just somebody who was staying for a week or two. You could address that. So I don't know whether you're making a due process argument or what argument you're making. Well, if we look at the history of deportable crimes within the INA, it seems as though the analysis has traditionally been the crime that you were convicted of, not whether you committed a crime. But again, the crime that you were actually convicted of. Yeah, which crime is it? And then, of course, we struggle with some of them, crimes of moral turpitude and so on. Of course. So, yeah. Of course. With that, Your Honor, I will reserve the remainder of my time. Thank you. Certainly. Ms. Nahas. Good morning, Your Honors, and may it please the court. My name is Rebecca Nahas, and I'm representing the United States Attorney General. The court should affirm the agency's conclusion that petitioner is statutorily ineligible for cancellation of removal for having been convicted of a crime of domestic violence based on his Wisconsin battery offense. And as Your Honor's note, it qualifies a crime of domestic violence. There's two requirements. One, that the crime be a crime of violence. And two, that there be a domestic component. And only the second issue is in dispute in this case regarding the domestic component. And more specifically, petitioner's only challenge is regarding the proper framework that should apply in determining whether that requirement has been satisfied. And it's the government's position that this court has already decided that issue in Flores. And in that case, the court said that the requirement that there be a domestic relationship between the victim and the offender is a real world fact that is not tied to the categorical approach and does not need to be an element of the offense. And contrary to petitioner's claim, Flores' holding in this regard is not dicta because the court expressly ruled on the issue. It squarely addressed it. It said what the framework was. It said that we could look at the underlying facts and we don't need elements. And I think importantly, the Flores court applied that framework to the facts at hand and found that there was substantial evidence supporting the conclusion that in that case, the domestic component was satisfied, that there was sufficient evidence in that respect. But even if your honors disagree and find that Flores' statement regarding the domestic component is dicta, we think the court should affirm Flores because it was really ahead of its time and it decided the issue correctly as has been demonstrated by subsequent Supreme Court decisions in both Hayes and Nijuan. And I think that the court should affirm Flores under a plain reading of the statute or alternatively, if the court finds that the statute is ambiguous, it should defer to the board's interpretation as applying a circumstance-specific approach in matter of estrada because that decision is reasonable. And we believe that the court should either affirm Flores or defer to matter of estrada and that result is dictated by Nijuan and Hayes based on three reasons. The first is the plain language of the statute. If you look at 1227A2EI, Congress included the word element as incorporated in 16A. And so we know that the use of physical force needs to be an element and the categorical approach applies. By contrast, the provision also refers to committed. And that word, following that word is the domestic relationship. And so committed, of course, doesn't mean convicted of or doesn't refer to an element. It means, you know, what did the defendant do on that specific occasion? And so the plain language of the statute supports the application of the circumstance-specific approach that we don't need an element, the underlying conduct is sufficient. I take it it wasn't an issue here because he admits that she was the mother of his child. I'm sorry, what wasn't an issue? The circumstance-specific point is not an issue here really because he admits that the victim is the mother of his child. Correct, Your Honor. Although he didn't get the sentencing in hand. There was something a little weird about this. Wisconsin didn't treat it that way. So which do we look to, the admission or what the state conviction actually was? Well, Your Honor, I believe that Petitioner is only disputing whether the circumstance-specific approach applies or the categorical. And under the circumstance-specific approach, all reliable evidence, not just the Shepard documents, can be considered. So the agency did apply the circumstance-specific approach and looked at his admission in immigration court in his testimony, sworn testimony, as well as his affidavit, where he admits that the victim was the mother of his child. And so he's not disputing that if the circumstance-specific approach applies, he's not disputing that the evidence is insufficient. He's admitting that it is. Or that, I mean, he mentions a lot the fact that the state court doesn't follow through, let's say, with sentencing enhancement that would ordinarily go along with this. But you're saying that that's irrelevant. That's irrelevant because that goes to the categorical approach. That would be a requirement if the categorical approach applied. But it doesn't. I mean, that brings me to the second reason why the court should either affirm Flores or defer to matter of Estrada. And this is a point that Judge Wood mentioned, that to require that the categorical approach apply in determining the domestic component would really frustrate Congress' manifest intent in enacting this provision. Because as the Supreme Court in Hayes explained- How do we look into the heads of 535 legislators and determine their manifest intent? Well, Your Honor, I think we can reasonably assume that Congress intended the statute to have applications. So we do this by making an assumption. So why don't we use Occam's razor and cut this all out and just look at what they enacted? Well, that was my first point, Your Honor, that the statutory language itself refers to committed by. And that language is followed by the domestic component. And this conclusion is dictated by the Supreme Court's decision in Hayes, which looked at a very similar statute, almost identical language. And in that case, the Supreme Court also saw that the provision referred to element only with respect to the use of physical force. And it referred to committed when referring to the domestic component. And the Supreme Court looked at that language and said Congress intended for the elements part to be categorical and the committed part to be circumstance specific. And that controls in this case as well. But turning back to Congress's intent or giving this statute application. Why don't we just turn to what they enacted? Well, Your Honor, if I can just point out in Hayes, the Supreme Court noted that in 1996, which happens to also be the year that this provision was enacted, only a third of the states had statutes that had a domestic violence component as an element. And of those minority of states, the states routinely prosecuted the domestic violence offenses under general assault and battery statutes. And so there are going to be very, very few criminal convictions that come before the immigration court that actually have a domestic component as an element. And therefore, the Supreme Court reasoned that to interpret the statute as requiring an element would render it meaningless. It would be a dead letter. So you're just saying we are allowed to assume that Congress doesn't deliberately, not even a majority of them, enact a dead letter. Correct. Exactly, Your Honor. I think that's fair enough. And I'll just end with one last point. And I believe Judge Wood also mentioned this. The third reason why the court should either affirm Flores or defer to matter of Estrada is that there's no practical or due process concerns in applying this approach in this context. As the Fourth Circuit and Hernandez-Zavala explained, it's a really narrow inquiry. And it's objective and straightforward. And it's not going to lead to the mini-trials that the Taylor Court was concerned with in first announcing the categorical approach. And even the Supreme Court in Nijuan explained that the applicant would have two bites of the apple. They would be able to challenge the finding in criminal court and then again in immigration court. So there are really no concerns regarding due process or anything practical. Let's see. Unless Your Honors have any questions, we ask that the court affirm the agency's conclusion. Yes. Thank you, Your Honors. Thank you, counsel. Anything further? Mr. Christopher. Your Honor, if the Wisconsin Criminal Court had added the domestic abuse language onto the judgment of conviction, we would not be here. But there may be a good reason that they did not. There may be a good reason that the district attorney did not add that to the criminal complaint. Because it's a sentencing element. Because it's a sentencing factor and not an element of the offense. But it is included. Perfectly straightforward. But it is included, Your Honor, in the criminal complaint. And it's always included in the judgment of conviction. It has to be entered in there. And had they done that, we would not be here today. And there might be reason that they did not do that. You might not be here today, but I guarantee you somebody would be arguing that protected person is not an element. And therefore, under the categorical approach, it cannot be considered. Maybe not you personally, but we would be hearing that argument. I don't doubt it. I don't doubt it. And then just briefly as far as the issue on the Flores case goes is dictum. The issue in that case was really just a problem one, whether or not there was a crime of violence. There is that line in there in Flores with regards to we can consider anything. But it also, what it uses as authority is a case where there wasn't an analysis of circumstance versus categorical. It referred to a Second Circuit court involving Massachusetts, whether or not an individual, whether or not they went and got a protective order before the crime was committed. So I don't think that that really applies. I think it is dictum in this case. So again, my final statement is if this had been entered in the record of conviction, I personally would not be here bringing this case. Thank you. Thank you very much, counsel. The case is taken under advisement.